UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA M. SHAW,

    Plaintiff,

v.                                  Case No: 8:22-cv-877-KKM-UAM

K MURRY,

    Defendant.
_____

## ORDER

Pro se plaintiff Joshua M. Shaw moves for relief from the judgment dismissing his case without prejudice for failure to prosecute. (Doc. 61.) For the reasons below, that motion is denied.

An order in March 2024 dismissed this case for failure to prosecute because Shaw failed to provide the Court with an updated address after being released from Polk County Jail in November 2023. (Doc. 52.); *see* (Doc. 49) (reminding Shaw that "his failure to provide the Court with his change of address will result in his case being dismissed for lack of prosecution"). When the case was dismissed, Shaw had not filed anything on the docket since early October 2023. *See* (Doc. 46.)

Shaw now moves for an order under Federal Rule of Civil Procedure 60(b)(1) or (d)(2) relieving him from the judgment dismissing his case. (Doc. 61.) He claims that he was hospitalized for around three months starting in November 2023, of which he spent three or four weeks in intensive care. *Id.* at 1. After discharge, he says that he entered a detox center but that, because he had "serious chronic health" issues and a "terminal illness," facility staff "by policy would not allow [him] to stay." *Id.* at 1–2 (cleaned up). As a result, he reports that he became "chronically homeless." *Id.* at 2 (cleaned up). He argues that his failure to provide a mailing address or otherwise respond is "excusable neglect" justifying relief under Rule 60(b)(1) and that he never formally received notice, warranting relief under Rule 60(d)(2).

"Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' " *Kemp v. United States*, 596 U.S. 528, 533 (2022). In considering a 60(b)(1) motion, a court looks to "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); see *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996).

2

Shaw fails to justify 60(b)(1) relief under the *Pioneer* factors. To start, the delay has been substantial—Shaw had not filed any papers for fourteen months prior to filing his current motion. He also has not adequately explained that delay or whether it was within his control. *See McGill v. Pinnacle Fin. Corp.*, No. 612-CV-1142-ORL-28, 2013 WL 4046978, at *2 (M.D. Fla. Aug. 9, 2013) (concluding that pro se plaintiff's "[i]llness, by itself, [could] not support a finding of excusable neglect"); *Lender v. Unum Life Ins. Co. of Am.*, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007) ("[R]elief under the argument of excusable neglect cannot be premised on illness."). Assuming that Shaw was hospitalized from November 2023 through February 2024 and could not access the public docket during that time, he nevertheless does not explain why he was unable to access the docket or otherwise take steps to remain apprised of his proceeding following his discharge until November 2024, when he moved for relief from judgment. While he says he made inquiry about his case's status with the clerk's office "to no avail," he does not explain why the clerk's office was unable to assist him or why he could not otherwise access the public docket. (Doc. 61) at 2; *see AC Direct, Inc. v. Kemp*, No. 606-CV-122-ORL-19UAM, 2008 WL 746839, at *3 (M.D. Fla. Mar. 18, 2008) ("[T]he party must be able to explain any delay in filing its motion . . . under Rule 60(b)(1).").

While the defendant has not responded to identify any prejudice from the delay and does not identify any evidence of bad faith, in the light of the other two factors, that does

3

not justify granting Shaw's motion. *Cf United States v. Kroll*, No. 21-11472, 2023 WL 196024, at *4 (11th Cir. Jan. 17, 2023).

Shaw also cannot get relief under Civil Rule 60(d)(2). That rule allows for relief for defendants not personally notified of an action under 28 U.S.C. § 1655, which addresses actions to enforce liens upon or claims to property. Shaw's action does not involve a property claim, so Rule 60(d)(2) is inapplicable.

Accordingly, Shaw's Motion for Miscellaneous Relief (Doc. 61) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 9, 2025.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge